# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| VISKASE COMPANIES, INC., ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> INTERNATIONAL ASSOCIATION ) <br> OF MACHINISTS AND AEROSPACE ) <br> WORKERS, AFL-CIO Local Lodge 2544, ) | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

### NATURE OF ACTION

1. This action seeks declaratory relief to preclude arbitration proceedings pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

### VENUE

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) as the collective bargaining relationship at issue and the dispute between the parties arises within the territorial jurisdiction of this Court.

### PARTIES

4. Plaintiff, Viskase Companies, Inc., ("Viskase" or "Company") is a Delaware corporation with its principal place of business in Illinois. Viskase maintains a manufacturing facility at 106 Blair Bend Drive, Loudon, TN 37774.

5. Defendant International Association of Machinists and Aerospace Workers, AFL-CIO, Local Lodge 2544 ("Union") is an unincorporated association and labor organization with its principal office located at 845 – A Mulberry Street, Loudon, TN 37774. The Union is the certified representative of the Company's hourly production and maintenance employees at the Loudon facility.

## CLAIM FOR DECLARATORY RELIEF

6. Viskase and the Union are parties to a collective bargaining agreement ("CBA") effective by its terms from September 30, 2015 and expiring on September 30, 2020, covering all hourly production and maintenance employees employed by Viskase at its facility at 106 Blair Bend Drive, Loudon, Tennessee 37774. A copy of the CBA is attached hereto as Exhibit A.

7. Article 37 of the CBA states, in relevant part:

### HEALTH CARE PROGRAMS

> The Health Care programs available to Covered Employees as of September 30, 2015 shall remain in effect through December 31, 2015. Effective January 1, 2016 and thereafter for the duration of this Agreement, the same Health Care programs (medical, prescription, dental and vision, etc.) that the Company makes available from time to time to the non-bargaining unit employees of its Loudon, Tennessee plant shall be made available to the employees covered by this Agreement at the same cost structure and subject to the same terms, conditions and eligibility criteria applicable to Loudon non-bargaining unit employees.

Exhibit A at 27.

8. Articles 10 and 11 of the CBA set forth the grievance and arbitration procedures for resolving disputes "concerning the interpretation, application, or alleged violation of a specific provision of this Agreement." *Id.* at 6.

9. The Arbitration Procedure states, in pertinent part:

Any grievance arising during the term of this Agreement regarding the following matters may be subject to the Arbitration Procedure.

1. Alleged violation of any provision or interpretation of the Agreement by the Company.
2. Disagreement on the wage rates determined by the Company for any job established subsequent to the signing of this Agreement.
3. Discipline or discharge of an employee who has acquired seniority status.

Arbitration under this Agreement shall be conducted by an Arbitration Committee consisting of three persons, one to be selected by the Union and one to be selected by the Company, and these two shall select a third who shall be the impartial chairman….

The arbitration panel shall have no power to add to, delete, or modify any provisions of this Agreement and shall act in a judicial rather than a legislative capacity…..

*Id.* at 7.

10. The Company has, since January 1, 2011, maintained a Health Savings Plan ("HSA") program for both non-bargaining unit employees and bargaining unit employees.

11. An HSA Plan Highlights Document has been in place since the HSA program was implemented. This Plan Document provides the details of the HSA program and benefit.

12. The terms of this Plan Document are not set forth in the CBA and are not incorporated therein.

13. As stated in the Plan Document, the HSA is administered by a third-party Claims Administrator, Wage Works.

14. Determinations regarding HSA administration, eligibility and benefit issues are made in accordance with the Plan Highlights Document. Wage Works, as the HSA Plan Claims Administrator, has final and full authority to make decisions regarding the HSA Plan.

15. As stated in the HSA Plan Highlights Document:

The HSA that is made available by the Company is administered by the Claims Administrator shown below, whose decisions are final and binding. Viskase Companies, Inc. does not administer the HSA.

Wage Works
110 Park Place
4th Floor
San Mateo, CA, 94403
Telephone: (877-924-3967)
Website: http://www.wageworks.com

16. Bargaining unit member Chris Thompson experienced difficulty with establishing eligibility for and receiving benefits from the HSA program and, on or about January 26, 2018, the Union filed a grievance on his behalf, alleging that the Company violated Article 37 of the CBA.

17. The Company has denied the grievance.

18. The Union has demanded arbitration of the grievance.

19. The Company has declined to arbitrate the grievance on the grounds that it is not arbitrable.

20. Article 37 of the CBA provides that bargaining unit employees shall receive the same healthcare programs, including the HSA program, "at the same cost structure and subject to the same terms, conditions and eligibility criteria applicable to Loudon non-union bargaining unit employees."

21. Non-bargaining unit employees at the Loudon facility who have a claim regarding the HSA program are required to file that claim with Wage Works. Bargaining unit employees are required to do the same.

22. Bargaining unit employees have no greater rights under Article 37 than non-bargaining unit employees because they are "subject to the same terms and conditions" of the HSA program as non-bargaining unit employees.

23. It is undisputed between the parties that non-bargaining unit employees are subject to the same terms of the HSA plan.

24. The proper forum to resolve an HSA claim for all Loudon employees, including Mr. Thompson, is to file that claim with the Claims Administrator of the HSA program, Wage Works.

25. Subsequent to the submission of the grievance, Mr. Thompson filed a claim with Wage Works. Wage Works issued a decision on Mr. Thompson's claim. That decision is, pursuant to the terms of the HSA plan, "final and binding."

26. Because Wage Works, as the HSA Plan Claims Administrator, has final and full authority to make decisions regarding the HSA Plan, grievances concerning the HSA Plan are excluded from arbitration.

27. On or about February 1, 2019, the Union filed another grievance alleging a violation of Article 37 on behalf of all bargaining unit employees. The grievance alleges that "employees [sic] being charged a $5.77 disease management fee" pursuant to the Health Management Program provided by the Company.

28. The Company denied the grievance.

29. On or about April 19, 2019, the Union requested arbitration of the grievance that "employees [are] being charged a disease management fee unjustly."

30. The Company has refused the Union's request to arbitrate this grievance.

31. The language of Article 37 makes clear that this grievance, involving the administration of the Company's Health Plans, is not arbitrable. Article 37 states that bargaining unit employees shall receive the same healthcare programs "at the same cost structure and

subject to the same terms, conditions and eligibility criteria applicable to Loudon non-union bargaining unit employees."

32. The proper forum to resolve medical claims, including the above-referenced grievance, is to file such claims with the Claims Administrator of the Company-Sponsored health plan.

33. The Company provides all Loudon employees with a Consumer Directed Health Plan ("CDHP") administered through Blue Cross Blue Shield. The CDHP includes A Health Management Program for chronic condition (disease) management. The Health Management Plan is described in the 2019 Plan Document and Summary Plan Description ("SPD") of the Blue Cross Blue Shield Administered Health Plan. The Company is the Plan Sponsor. Blue Cross Blue Shield of Alabama is the Claims Administrator. The Plan Document and SPD states, in relevant part:

> The Plan is established by Viskase Companies, Inc. (the "Company") and offers comprehensive health benefits for eligible employees of the Company. The Plan is administered by Blue Cross and Blue Shield of Alabama.
>
> * * *
>
> You are eligible for benefits under this Plan if you are an employee of the Company who is generally scheduled to work 30 hours or more per week and have satisfied the waiting period.
>
> * * *
>
> Employees . . . who are identified for participation in the Plan's health management program must enroll and participate in the program as requested by the Plan's Claims Administrator. Failure to participate in the program will result in the addition of $25 per month for you . . . to the amount of your Plan contribution for the following year.
>
> * * *
>
> The Plan Administrator has full and sole discretion and authority to control and manage the operation and administration of the Plan, including discretionary authority to interpret all Plan documents and to make all interpretive and factual determinations as to whether any individual is entitled to receive any benefit under the terms of this Plan, except to the extent authority has been granted to the

6
Case 3:19-cv-00305-DCP    Document 1    Filed 08/09/19    Page 6 of 9    PageID #: 6

Claims Administrator for adjudication of claims. Any construction of the terms of any Plan document and any determination of fact adopted by the Plan Administrator shall be final and legally binding on all parties.

* * *

The Plan Administrator has delegated authority to the Claims Administrator for adjudication of claims.

34. Non-bargaining unit employees at the Loudon facility who have a claim regarding the CDHP's health management program are required to file a claim with the Claims Administrator, Blue Cross Blue Shield of Alabama. Bargaining unit employees are likewise required to do so. Bargaining unit employees have no greater rights by virtue of Article 37 than non-bargaining unit employees because, for purposes of the Company's healthcare programs, bargaining unit employees are "subject to the same terms and conditions" of these healthcare programs as non-bargaining unit employees.

35. It is undisputed between the parties that non-bargaining unit employees are subject to the same terms of the CDHP's health management program.

36. The terms of the CDHP's health management program are not set forth in the CBA and are not incorporated therein.

37. Claims regarding the Health Management Program must be made in accordance with the CDHP plan documents. Because the Claims Administrator has full discretion and authority to determine all claims under the Plan, this grievance concerning a claim under the Plan is excluded from arbitration.

38. The above-referenced grievances are not arbitrable.

39. No previous application for the relief requested herein, or any similar relief, has been made as to this or any other Court with respect to Local Lodge 2544.

## COUNT I

## THE GRIEVANCES ASSERTED BY THE UNION ARE NOT SUBSTANTIVELY ARBITRABLE UNDER THE PARTIES' AGREEMENT

40. Viskase incorporates the allegations of Paragraphs 1 through 35 above.

41. The two grievances both protest the terms, conditions, eligibility criteria and administration of the Company's health plans – plans offered on the same basis to non-bargaining unit and bargaining unit employees. It is undisputed between the parties that non-bargaining unit employees are subject to the same terms of these health plans.

42. The substantive terms of the medical and other benefits are not set forth in the CBA nor are they incorporated therein.

43. The disputes concerning claims under the Company-sponsored healthcare programs are not arbitrable under the express terms of the CBA.

WHEREFORE, Viskase seeks judgment against the Union:

(a) declaring the two grievances asserted by the Union to be not arbitrable;

(b) directing the Union to withdraw its demands for arbitration; and

(c) temporarily, preliminarily and permanently enjoining, prohibiting and restraining the Union from attempting to arbitrate any grievance concerning a claim involving the benefits, terms, conditions, eligibility criteria or administration of the Company sponsored health and medical plans;

(d) awarding Viskase attorneys' fees and costs of this suit; and

(e) awarding Viskase such other and further relief as the Court may deem proper.

Dated this the 9th day of August 2019.

                                              OGLETREE, DEAKINS, NASH,
                                              SMOAK & STEWART, P.C.

                                              /s/ William S. Rutchow
                                              William S. Rutchow, TN BPR No. 017183
                                              401 Commerce Street, Suite 1200
                                              Nashville, TN 37219
                                              (615) 254-1900
                                              (615) 254-1908 (Facsimile)
                                              William.Rutchow@ogletree.com

                                              *Attorneys for Plaintiff Viskase Companies, Inc.*

39588873.1